# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:12CV00050 |
| v. | ) ) | **OPINION AND ORDER** |
| TIFFANY LYNN OWENS, ET AL., | ) ) ) | By: James P. Jones<br>United States District Judge |
| Defendants. | ) | |

*Thomas A. Counts, II, Robey, Teumer, Drash, Kimbrell & Counts, Roanoke, Virginia, for Plaintiff.*

In this declaratory judgment action brought by an automobile liability insurer, the defendants are in default and the insurance company has moved for summary judgment, which will be granted.

In its Complaint, Nationwide Mutual Insurance Company ("Nationwide") alleges that the defendant, Tiffany Lynn Owens, was the owner and operator of a Ford Explorer in Buchanan County, Virginia, on January 13, 2011, when it collided with a vehicle operated by Kenneth Royal. After the Royal vehicle was struck, it in turn struck a pedestrian, defendant Etta Ruth Justus. Justus thereafter filed suit in state court against Owens and Royal seeking damages as a result of the accident. Nationwide further alleges that Owens has demanded coverage under a

Nationwide automobile liability policy issued to Rickey J. Matney and Sherry Matney. Nationwide asserts that there is no coverage under that policy because Owens was not a named insured and the vehicle she was operating was not insured under that policy. Nationwide has attached to the Complaint a copy of the declarations and policy in question, Nationwide Personal Auto Policy No. 5345V141639, which support its assertions.

Although they were duly served with process, the defendants have not responded in this action and are in default.

Pursuant to Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When there is a default, as here, the well-pleaded allegations of the complaint relating to liability are taken as true. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Accordingly, upon review of the facts, I find that the plaintiff is entitled to a default judgment setting forth the court's declaratory judgment that the defendant Owens was not an insured under the policy in question and that Nationwide is not obligated to defend the subject action on behalf of Owens or to pay any judgment rendered against Owens in the action.

Accordingly, it is **ORDERED** that Nationwide's Motion for Summary Judgment (ECF No. 39) is GRANTED.

A separate judgment will be entered herewith.

ENTER: August 26, 2013

/s/ James P. Jones
United States District Judge